# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | )   Case No. CR-18-63-G |
| LUIS OMAR LOZANO-ESPARZA, | ) |
| a/k/a LUIS OMAR LOZANO, | ) |
| | ) |
|     Defendant. | ) |

## ORDER

Now before the Court is Defendant's Motion to Withdraw Guilty Plea (Doc. No. 22), in which Defendant asks to withdraw his plea of guilty in order to move to dismiss the charge, set forth in the Indictment (Doc. No. 1), that he violated 8 U.S.C. § 1326(a) by entering the United States without authorization after having previously been removed. The United States has responded (Doc. No. 27), opposing both the Motion to Withdraw Guilty Plea and the proposed motion to dismiss. Following briefing, the case was transferred to the undersigned. The Motion is denied.

## BACKGROUND

On January 15, 2013, Defendant—a Mexican citizen unlawfully residing in the United States at the time—was arrested in Oklahoma City for drug possession. Doc. No. 27-1. The next day, he was served with a notice to appear before an immigration judge regarding possible removal from the country. *See* Doc. No. 22-1, at 17-18. This notice to appear did not specify a time or place for the hearing. *See id.* at 17. Nevertheless,

Defendant signed the form and eventually attended his immigration hearing via video teleconference on September 3, 2014. *See id.* at 18; Doc. No. 27-3. At that hearing, Defendant was ordered to be removed from the United States. *See* Doc. No. 27-3. Pursuant to that order, Defendant was physically removed to Mexico on September 9, 2014. *See* Doc. No. 22-1, at 12.

Defendant thereafter was found in the United States and, on March 20, 2018, indicted for one count of illegal reentry in violation of 8 U.S.C. § 1326(a). *See* Indictment. Defendant pled guilty to this charge on April 26, 2018, and the Court accepted his guilty plea. Doc. Nos. 14, 29. A sentencing hearing was originally set to follow but was stricken when Defendant moved to withdraw his guilty plea. Doc. Nos. 23, 24.

## ANALYSIS

Even though "a criminal defendant does not have an absolute right to withdraw a plea of guilty, a request to withdraw such a plea made before imposition of sentence should be considered carefully and with liberality." *United States v. Hancock*, 607 F.2d 337, 337 (10th Cir. 1979). Here, because there was no plea agreement, and the Court has accepted Defendant's guilty plea but not yet sentenced him, he may only withdraw his guilty plea if he "can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B); *see United States v. Black*, 201 F.3d 1296, 1299 (10th Cir. 2000) (explaining that the burden lies with the defendant to demonstrate "a fair and just reason" that would permit withdrawal of guilty plea). In making this determination, courts consider the following factors:

> (1) whether the defendant has asserted his innocence; (2) whether withdrawal would prejudice the government; (3) whether the defendant delayed in filing his motion, and if so, the reason for the delay; (4) whether withdrawal would substantially inconvenience the court; (5) whether close assistance of counsel was available to the defendant; (6) whether the plea was knowing and voluntary; and (7) whether the withdrawal would waste judicial resources.

*United States v. Byrum*, 567 F.3d 1255, 1264 (10th Cir. 2009) (internal quotation marks omitted).

Defendant addresses only the first of these factors, arguing that the September 3, 2014 removal order is void under *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), and therefore he cannot now be guilty of violating § 1326(a). *See* Def.'s Mot. at 1-8 (citing *United States v. Virgen-Ponce*, 320 F. Supp. 3d 1164 (E.D. Wash. 2018)). Defendant's argument for withdraw of his plea, then, turns on whether he has, as he contends, an "absolute defense" to the charge of illegal reentry. Concluding that the proffered defense is not meritorious, the Court denies the motion to withdraw the plea of guilty.

In *Pereira*, the Court concluded that a notice to appear that fails to designate a specific time or place for the removal proceeding is deficient under 8 U.S.C. § 1229(a) and, therefore, does not trigger the "stop time" rule under the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"). *See Pereira*, 138 S. Ct. at 2109-10. Soon thereafter, in *Virgen-Ponce*, the U.S. District Court for the Eastern District of Washington held that a similarly deficient notice to appear divested the immigration court of jurisdiction, rendering its subsequent removal order void, and therefore that removal order could not support a subsequent charge of illegal reentry under § 1326(a). *See Virgen-Ponce*, 320 F. Supp. 3d at 1166. Since *Virgen-Ponce*, some courts have agreed and

others—including at least three judges of this Court—have disagreed. *Compare United States v. Rojas-Osorio*, No. 17-CR-507-LHK, 2019 WL 235042 (N.D. Cal. Jan. 16, 2019) (granting motion to dismiss charge of violation of § 1326(a) where notice to appear in underlying removal proceeding failed to provide specific time or place for hearing), *with United States v. Lozano*, Nos. 4:18-CR-598, 4:18-CR-522, 2019 WL 224178 (S.D. Tex. Jan. 15, 2019) (denying motion to dismiss charge of violation of § 1326(a)); *United States v. Chavez,* No. 2:17-CR-40106-01-HLT, 2018 WL 6079513 (D. Kan. Nov. 21, 2018) (same); *United States v. Briones-Herrera*, No. CR-18-214-D, 2018 WL 5315211 (W.D. Okla. Oct. 26, 2018) (DeGiusti, J.) (same); *United States v. Hernandez-Velasco*, No. CR-18-82-D, 2018 WL 5622285 (W.D. Okla. Oct. 30, 2018) (DeGiusti, J.) (same), *appeal docketed*, No. 19-6012 (10th Cir. Jan. 30, 2019); *United States v. Ibarra-Rodriguez*, Case No. CR-18-190-M, 2018 WL 4608503 (W.D. Okla. Sept. 25, 2018) (Miles-LaGrange, J.) (same); *United States v. Munoz-Alvarado*, No. CR-18-171-C, 2018 WL 4762134 (W.D. Okla. Oct. 2, 2018) (Cauthron, J.) (same).

Defendant's argument depends on two conclusions: first, that a removal order that follows from a deficient notice to appear is void for lack of jurisdiction and, second, that in such circumstances a person accused of illegal reentry need not make the particular showings required by § 1326(d) to collaterally attack the underlying removal order. The Court disagrees in both respects.

First, the Court finds that the September 3, 3014 removal order was not void for lack of jurisdiction. At issue in *Pereira* was a provision in IIRIRA that allows for cancellation of removal from the United States if a noncitizen has been physically present

4

in the country for a continuous period of 10 or more years. *See* 8 U.S.C. § 1229b(b)(1). In *Pereira*, the Supreme Court considered whether the "stop-time rule"—which states that the period of continuous physical presence ends when the noncitizen "is served a notice to appear under § 1229(a)," *id.* § 1229b(d)(1)—applies if the notice to appear does not, as expressly required by the statute, state the specific "time and place at which the [removal] proceedings will be held." *Id.* § 1229(a)(1)(G)(i). The Supreme Court held that "[a] putative notice to appear that fails to designate the specific time or place of the noncitizen's removal proceedings is not a 'notice to appear under section 1229(a),' and so does not trigger the stop-time rule." *Pereira*, 138 S. Ct. at 2113-14 (quoting 8 U.S.C. § 1229b(d)(1)).

The Supreme Court in *Pereira* did not address jurisdiction in a removal proceeding. Courts that have found a removal order void for lack of subject-matter jurisdiction rely on both *Pereira*'s statement that a notice to appear that does not provide a time or place for the removal hearing "is not a notice to appear under section 1229(a)," *id.* at 2114 (internal quotation marks omitted), *and* 8 C.F.R. § 1003.14(a)'s regulatory prescription that "[j]urisdiction vests. . . when a charging document" such as a notice to appear "is filed with the Immigration Court." *See*, *e.g.*, *Rojas-Osorio*, 2019 WL 235042, at *10 ("A deficient Notice to Appear does not constitute the appropriate charging document that vests the immigration court with jurisdiction. Because the Notice to Appear that Defendant received here lacked the necessary time information, the Notice to Appear was deficient, and therefore jurisdiction never vested with the immigration judge.").

This Court disagrees with that rationale. An immigration judge's subject-matter jurisdiction derives from statutory authorization. In § 1229a, Congress authorized immigration judges to "conduct proceedings for deciding the . . . deportability of an alien" and to "decide whether an alien is removable from the United States." 8 U.S.C. § 1229a(a)(1), (c)(1)(A). Neither § 1229a nor § 1229(a) makes an immigration judge's jurisdiction dependent on strict adherence to the requirement in § 1229(a) that a notice to appear state the time and place of the removal hearing. And the Supreme Court has cautioned that courts must be reluctant to find a jurisdictional consequence when that distinction is not supported by statute. *Cf. United States v. Kwai Fun Wong*, 135 S. Ct. 1625, 1632 (2015) ("[W]e have repeatedly held that procedural rules. . . cabin a court's power only if Congress has clearly stated as much. . . . [T]raditional tools of statutory construction must plainly show that Congress imbued a procedural bar with jurisdictional consequences." (alteration, citations, and internal quotation marks omitted)). Upon careful review of *Pereira*, the relevant statutes, and decisions agreeing or disagreeing with Defendant's argument, this Court concludes that a notice to appear that states a time and place for the removal hearing is a procedural precondition for action by the immigration judge, but not a limitation of the immigration judge's subject-matter jurisdiction.

Consistent with this view, and as recognized by courts pre-*Pereira*, an omission of time and place information from a notice to appear is a procedural fault that may be cured. *See Herrera-Orozco v. Holder*, 603 F. App'x 471, 474 (6th Cir. Mar. 6, 2015) (collecting cases); *Popa v. Holder*, 571 F.3d 890, 895-96 (9th Cir. 2009). This is what happened here,

where—unlike in *Pereira*[1]—Defendant was notified of and actually appeared at the removal hearing.

Further, the Court finds that Defendant's challenge to the underlying removal order remains a collateral attack subject to the requirements of 8 U.S.C. § 1326(d). In *United States v. Mendoza-Lopez*, the Supreme Court recognized that a person charged under § 1326(a) is entitled to collaterally attack the validity of an underlying removal order when "procedural defects of the deportation hearing. . . rendered direct review of the Immigration Judge's determination unavailable." *Mendoza-Lopez*, 481 U.S. 828, 841 (1987). Subsequently, Congress amended § 1326 to codify, and restrict, the scope of collateral attack. Section 1326(d) now allows the noncitizen to "challenge the validity of the deportation order" only upon a showing that (1) the administrative remedies that were available to seek relief from the order were exhausted, (2) the removal proceedings improperly deprived the noncitizen of the opportunity for judicial review, and (3) entry of the deportation order was fundamentally unfair. 8 U.S.C. § 1326(d).

Courts that hold that a defective notice to appear renders a subsequent removal order void for lack of jurisdiction, such that the removal order cannot support a charge of illegal reentry, generally have concluded that the accused need not make the particular showings

---

[1] Thus, the Court reads *Pereira* to state that a deficient notice to appear is a nullity for the purpose of calculating continuous presence under the stop-time rule but not a jurisdictional fault. *See Pereira*, 138 S. Ct. at 2113-14. As noted in *Chavez*, the Supreme Court's remand in *Pereira* for further proceedings "without any suggestion that its holding had either subject-matter or personal jurisdiction implications seems inconsistent with the conclusion that the underlying proceedings were entirely void for want of jurisdiction." *Chavez*, 2018 WL 6079513 at *7 n.8.

required by § 1326(d). *See, e.g.*, *United States v. Ortiz*, 347 F. Supp. 3d 402, 407 (D.N.D. Nov. 7, 2018) ("Defendant need not satisfy section 1326(d)'s strict requirements because the Immigration Judge lacked jurisdiction from the outset."). Again, this Court disagrees based on the relevant statutory language. Section 1326(d) does not limit its requirements for collateral attack to only some removal orders. Rather, "[b]y enumerating the specific requirements that must be satisfied in order for a defendant to collaterally attack a prior removal order, § 1326(d) necessarily contemplates that flawed or invalid removal proceedings may still serve as the basis of a 'prior removal' in a § 1326(a) prosecution if the requirements are not met." *United States v. Zapata-Cortinas*, No. SA-18-CR-343-OLG, 2018 WL 6061076 (W.D. Tex. Nov. 20, 2018).[2]

---

[2] The application of the procedural requirements of § 1326(d) to challenge a removal order as void is analogous to the application of the procedural requirements of Federal Rule of Civil Procedure 60(b)(4) to challenge a final judgment as void—and also to the Supreme Court's instruction that not all "void" judgments qualify for relief under Rule 60(b)(4). In *United Student Aid Funds, Inc. v. Espinosa*, the Supreme Court stated:

> Rule 60(b)(4) . . . authorizes the court to relieve a party from a final judgment if "the judgment is void."
>
> \*\*\*
>
> [A] void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final.
>
> \*\*\*
>
> Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard.
>
> \*\*\*
>
> Federal courts considering Rule 60(b)(4) motions that assert a judgment is void because of a jurisdictional defect generally have reserved relief only for the exceptional case in which the court that rendered judgment lacked even an "arguable basis" for jurisdiction. *Nemaizer v. Baker*, 793 F.2d 58, 65 (C.A.2 1986); *see, e.g.*,

Defendant does not suggest, much less show, that as relevant to the September 3, 2014 removal order he either exhausted the administrative remedies that were available to him or was deprived of the opportunity for judicial review. The record contains no indication that Defendant: asked the immigration judge to reopen or reconsider Defendant's case, *see* 8 C.F.R. § 1003.23; appealed the immigration judge's removal order to the Board of Immigration Appeals, *see id.* § 1003.1(b); or petitioned the Court of Appeals for the Tenth Circuit to review the removal order, *see* 8 U.S.C. § 1252(b) (providing right to petition court of appeals for judicial review of final orders of removal); *Nken v. Holder*, 556 U.S. 418, 435 (2009) ("Aliens who are removed may continue to pursue their petitions for review, and those who prevail can be afforded effective relief by facilitation of their return, along with restoration of the immigration status they had upon removal."). Accordingly, Defendant has not satisfied § 1326(d)'s requirements for collateral attack of the September 3, 2014 removal order, and the Court must presume the validity of that order.

## CONCLUSION

In sum, having determined that Defendant's proffered defense that the September 3, 2014 removal order cannot support a charge of illegal reentry is not meritorious, the

---

[*United States v. Boch Oldsmobile, Inc.*, 909 F.2d 657, 661-62 [(C.A.1 1990)] ("[T]otal want of jurisdiction must be distinguished from an error in the exercise of jurisdiction, and … only rare instances of a clear usurpation of power will render a judgment void" (brackets and internal quotation marks omitted)).

*United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270-71 (2010) (third alteration and omission in original). Here, there is no question that the immigration judge issuing the September 3, 2014 removal order had an arguable basis for jurisdiction.

9

Court finds that Defendant has failed to carry his burden of demonstrating a fair and just reason for the withdrawal of his guilty plea. Accordingly, Defendant's Motion to Withdraw Guilty Plea (Doc. No. 22) is DENIED.

IT IS SO ORDERED this 19th day of March, 2019.

CHARLES B. GOODWIN
United States District Judge